ALLEN H. GILLETT AND WARREN TRUESDELL, RESPONDENTS, *v.* OREN G. STAPLES, COPLEY A. NOTT, CHARLES F. STAPLES AND THE THOUSAND ISLAND HOTEL COMPANY, APPELLANTS.

*Creditor's bill — judgment on — When the existence of a remedy by sale under execution does not prevent the filing of a creditor's bill.*

APPEAL from a judgment in favor of the plaintiffs, entered on the report of a referee.

The action was in the nature of a creditor's bill, brought by the

plaintiffs as judgment-creditors of the defendants, Nott and Oren G. Staples, against said Nott & Staples, The Thousand Island Hotel Company and Charles F. Staples, after the return of an execution unsatisfied, to reach certain real and personal property, most of which was held in the name of Charles F. Staples, and was claimed by him. A few articles of the personal property were in the possession of Oren G. Staples, and were claimed by him to belong to his wife. The appellant objected that the decision of the referee did not specify the items of property which the debtors were directed to assign to the receiver.

The court at General Term said : " It is not needed that it should. If any adjudication on that subject shall be necessary, in order to carry out the judgment, it can be provided for by a reference for that purpose. The court has inherent power to provide for such a contingency (*Dickerson* v. *Van Tine*, 1 Sandf. R., 724), and ample authority is given by statute (Code of Civil Procedure, § 1015) ; upon the reference all questions as to what particular articles belong to the judgment-debtor or were paid for out of the proceeds of the hotel business can be investigated and decided. * * * "As to some of the property, the referee found, at the request of the defendants, that the plaintiff had a remedy by sale on execution, and it is argued by the defendants' counsel that as to such property a creditor's bill cannot be maintained ; but the defendant claimed before suit that all the property in which he was found to have an interest belonged to others than himself, and most of it was actually claimed by Charles F. Staples. That being the case, the creditors were not obliged to resort to their remedy by a sale on execution, but were entitled to a creditor's bill. (2 R. S., 174, § 39; *Chautauqua County Bank* v. *White*, 2 Seld., 236, 252; *Todd* v. *Crooke*, 4 Sandf., 694.)"

*O'Brien & Emerson*, for the appellants.  *McCartin & Williams*, for the respondents.

Opinion by SMITH, J.; TALCOTT, P. J., and HARDIN, J., concurred.

Appeal of defendants Nott, Charles F. Staples and The Hotel Company dismissed and the judgment affirmed, with costs.